# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANGELO MITCHELL (#342857)**

**VERSUS**

**DARREL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 16-826-JJB-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 25, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANGELO MITCHELL (#342857)

VERSUS

DARREL VANNOY, ET AL.

CIVIL ACTION

NO. 16-826-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss (R. Doc. 15). This Motion is opposed. *See* R. Doc. 19.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983, against defendants Warden Darrel Vannoy, former Warden Burl Cain, Assistant Warden Ray Vittorio, and Secretary James LeBlanc, complaining that his constitutional rights were violated when he was subjected to excessive heat in his housing dorm. The plaintiff seeks punitive and compensatory damages, as well as declaratory and injunctive relief.

Defendants Vannoy, Cain, Vittorio, and LeBlanc first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary

damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's § 1983 claims asserted against the defendants in their official capacities for monetary damages are subject to dismissal.

In contrast, the plaintiff's § 1983 claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Additionally, the plaintiff's request for declaratory and prospective injunctive relief against the defendants in their official capacities is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that,

"where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges the following. The plaintiff arrived at LSP on February 13, 2006. Since that time numerous facilities have been built and equipped with air-conditioning, including chapels, concession areas, and a bible college. Security restrooms, offices, booths, and buildings are also air-conditioned. The only area not equipped with air-conditioning is where the plaintiff is housed.

Temperatures in the plaintiff's housing area routinely reach 90 degrees, and are often in the triple digits. On August 3, 2016, it was 91 degrees in the plaintiff's dorm at 11:45 p.m. The fans provided do little to alleviate the effects of the heat. As a result, the plaintiff has suffered from rapid weight loss, a staph infection, and mental health problems. The plaintiff is also unable to sleep and maintain proper hygiene. The defendants have ignored the plaintiff's

complaints regarding the excessive heat, and have refused to remedy the problem. The plaintiff's grievance regarding the same was rejected.

To the extent that the plaintiff raises an equal protection claim, this claim is without merit. "To state an equal protection claim, [a prisoner] must allege, *inter alia*, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination." *McKnight v. Eason*, 227 F. App'x. 356 (5th Cir. 2007). "A prisoner must show that the prison official acted with a discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination…Vague and conclusory allegations [of discrimination] are insufficient to raise an equal protection claim." *Jebril v. Joslin* 2008 WL 416240 at *8 (S.D. Tex. 2008) (*citing Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995); *Pedraza v. Me*yer, 919 F.2d 317, 318 n. 1 (5th Cir. 1990)). In the instant matter, the plaintiff alleges that the entire offender population is housed in areas that are not air-conditioned. As such, the plaintiff's allegations fail to show that similarly situated individuals, *i.e.* other prisoners, are being treated differently.

With regards to defendants' handling of the plaintiff's grievance, the plaintiff does not have a constitutional due process right to the proper handling or resolution of his administrative grievances. *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005). Accordingly, this claim is also without merit.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over

which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that several of the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss (R. Doc. 15) be granted in part, and the plaintiff's claims for monetary damages, asserted against the defendants in their official capacities, be dismissed.  It is further recommended that plaintiff's equal protection and due process claims be dismissed, with prejudice, for failure to state claim upon which relief may be granted, and that supplemental jurisdiction over the plaintiff's state law claims be declined.

It is further recommended that, in all other regards, the defendants' Motion (R. Doc. 15) be denied, and this matter be referred back to the undersigned for further proceedings regarding the plaintiff's Eighth Amendment claims asserted against defendants Vannoy, Cain, Vittorio, and LeBlanc.[1]

Signed in Baton Rouge, Louisiana, on September 25, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] These claims were not addressed in the defendants' Motion to Dismiss (R. Doc. 15).